UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TONY WAYNE KING, | ) |
|        Plaintiff, | ) |
|        v. | ) No. 1:23-cv-00376-MPB-MJD |
| BROADBAND OF INDIANA, LLC, | ) |
|        Defendant. | ) |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff's motion to compel. [Dkt. 54.] For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

This case arises out of an automobile accident that occurred on September 1, 2022, in Illinois. Plaintiff alleges that the accident was caused by Michael Woolley while he was acting in the scope of his employment with Defendant. Woolley was killed in the accident; Plaintiff suffered severe injuries. At the time of the accident, Defendant "was an insured under an FCCI insurance policy." [Dkt. 59 at 3.]

**II. Discussion**

In the instant motion, Plaintiff seeks to compel the production of documents listed on Defendant's privilege log that Defendant has withheld on the basis of Illinois' insured-insurer privilege. All but one of the documents involves a communication between an employee of

other words, for an employee's communications to fall within the second tier of the control group, that employee must hold an advisory role to top management in a particular area:

> [S]uch that a decision would not normally be made without his advice or opinion, and whose opinion in fact forms the basis of any final decision by those with actual authority, is properly within the control group. However, the individuals upon whom he may rely for supplying information are not members of the control group. Thus, if an employee of the status described is consulted for the purpose of determining what legal action the corporation will pursue, his communication is protected from disclosure.

*Consolidation Coal*, 432 N.E.2d at 258. Critically, the Illinois Supreme Court has emphasized that an employee only falls into the second tier if their "opinion" is relied upon by decisionmakers, not if the underlying facts and information they provide is relied upon by decisionmakers. *See id.*; *Doe v. Twp. High Sch. Dist. 211*, 34 N.E.3d 652, 673 (Ill. App. 2015).

*Ansur Am. Ins. Co. v. Borland*, 2023 WL 6976501, at *2 (S.D. Ill. Oct. 23, 2023).

Defendant did not acknowledge the control group requirement in its brief and did not explained why Hobson should be treated as the insured/client with regard to the communications at issue. Because Plaintiff did not raise the control group requirement in his briefs, the Court gave Defendant the opportunity to file a supplemental brief if it believed it could demonstrate that Hobson fell under the control group. Defendant has filed its supplemental brief and supporting exhibits, [Dkt. 63, 64], and Plaintiff has filed a response, [Dkt. 66].

Defendant's supplemental brief falls far short of demonstrating that Hobson should be considered part of the control group with regard to the documents at issue in the instant motion. Defendant relies primarily on the affidavit of Doug Muench, who is the owner of Defendant. *See* [Dkt. 64-2.] That affidavit states, in relevant part:

> 3. As the owner of Broadband, I oversee the company's operations, and I rely heavily on employees to carry out day to day responsibilities. I also rely on certain employees' opinions and advice in order to make informed decisions.

3

> 4. Mandy Hobson ("Hobson") is my company's Corporate Office Manager, and she is tasked with managing the company's payroll, the company's hiring process, and HR related matters.
>
> 5. Hobson is a trusted advisor of mine, and I rely on her to provide me with her advice and opinions.
>
> 6. Hobson provides me with her advice and opinions, which form the basis of my final decisions related to Broadband.
>
> 7. As such, I consider Hobson a trusted advisor to me in order to make informed decisions on behalf of the company.

[Dkt. 64-2 at 1.] It is clear from the supplemental brief and the other exhibits attached thereto that, to the extent Muench seeks "advice"[2] from Hobson, that advice relates to hiring. Defendant states:

> Hobson is a Broadband employee who has an advisory role to the company's top management. For example, as Broadband's Corporate Office Manager, she is tasked with managing the company's HR, payroll, and the company's hiring process. Her advisory role also includes interviewing applicants with Broadband's top management. For example, she interviewed Broadband's current Corporate Safety and Fleet Manager, Jeremy Lewis, with Broadband's top manager, Doug Muench. When considering whether applicants can become Broadband employees, Broadband's top manager, in collaboration with Hobson, review the applicant's background information. In other words, decisions made by Broadband's top management would not normally be made without Hobson's advice or opinions, and Hobson's advice or opinions form the basis of final Broadband decisions.

[Dkt. 63 at 3-4] (internal citations omitted). None of this establishes, or even suggests, that Hobson was or ever would be "consulted for the purpose of determining what legal action the

---

[2] Hobson herself testified in her deposition that "[a]s far as the hiring process, I am strictly clerical." [Dkt. 64-1 at 4.] Her testimony strongly suggests that rather than providing advice to Muench, she provides information. While Muench testified that Hobson "would let me know if [a] person was okay to hire or not," [Dkt. 64-4 at 10], that is in the context of reviewing an applicant's background check. Hobson's deposition confirms this, as she explained that she submits information for an applicant's background check to a service called CrimShield and that service determines if the applicant is "eligible for driving." [Dkt. 64-1 at 16.]

4

corporation will pursue" relating to Woolley's accident, which is the relevant inquiry. *See Ansur Am. Ins. Co. v. Borland*, 2023 WL 6976501, at *2 (S.D. Ill. Oct. 23, 2023) (quoted above). Rather, her role was to provide factual information and documents to the insurance agent.

Defendant also asserts that the documents are "not subject to discovery in accordance with Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure" because they were "prepared in anticipation of litigation," [Dkt. 59 at 2]. However, Defendant does no more than mention that argument in its brief, and therefore has waived it. *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.")); *see also Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) ("It is not this court's responsibility to research and construct the parties' arguments.").

### III.  Conclusion

Because Defendant has not satisfied its burden of demonstrating that Hobson is a member of the control group, her communications with the insurance agent are not privileged. Defendant also has not demonstrated that the documents qualify as work product. Accordingly, Plaintiff's motion to compel, [Dkt. 54], is **GRANTED**. Defendant shall produce the documents to Plaintiff **within seven days of the date of this Order**.

SO ORDERED.

Dated: 2 FEB 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.